UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

SYLVIA ARMENIAN,

    Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Sylvia Armenian, files her Complaint against Defendant, Hartford Fire Insurance Company, and states that:

### I.  JURISDICTION AND VENUE

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.    Plaintiff, Sylvia Armenian, is a citizen of the United States and was at all times relevant a participant of the long-term policy at issue. Defendant, Hartford Fire Insurance Company (hereinafter "Hartford" or "Defendant"), is the insurer and claims administrator of the long-term disability, and is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.  FACTS

3.    At all times material to this action there was in full force and effect a group disability insurance policy for long-term disability benefits (the "long-term disability policy") and

life insurance benefits (the "life insurance policy") constituting binding contracts of insurance between the parties. These policies were underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Armenian was employed by The Hartford as a sales specialist. By virtue of her employment, Ms. Armenian was an eligible participant of the long-term disability policy and life insurance policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Armenian a monthly benefit in the event that she became disabled ("long-term disability benefits"). The life insurance policy included a waiver of premium benefit that allowed for continued employee life insurance, without payment of premium, while she was disabled ("waiver of premium benefits").

7. The long-term disability policy defines Disability, in pertinent part, as follows:

*Disability or Disabled means You are prevented from performing on or more of the Essential Duties of:*
  1) *Your Occupation during the Elimination Period;*
  2) *Your Occupation, for the 24 months following the Elimination Period; and*
  3) *After that, Any Occupation*

8. The life insurance policy defines Disabled, in pertinent part, as follows:

*Disabled, for purposes of Waiver of Premium, means that:*

  1) *You have any injury or sickness that prevents You from doing any work for which You are or could become qualified by education, training or experience and it is expected that this condition will last for at least six consecutive months from Your last day of work as a Salaried Employee or an Hourly Employee; or*
  2) *You have been diagnosed with a life expectancy of 12 months or less.*

9. Ms. Armenian suffers from many medical conditions. These include, but are not limited to, chronic migraines, anxiety, depression, and gastrointestinal issues.

10. Ms. Armenian has been unable to perform the essential duties of her own occupation or any occupation. Ms. Armenian is disabled under the terms of the long-term disability policy and life insurance policy.

11. Ms. Armenian was forced to discontinue working on or around July 24, 2019 due to her disabling conditions.

12. In accordance with the procedures set forth by the long-term disability policy and life insurance policy, Ms. Armenian notified Defendant that she was disabled.

13. By letter dated May 22, 2020, Defendant denied Ms. Armenian's claim for long-term disability benefits.

14. By letter dated June 01, 2020, Defendant denied Ms. Armenian's claim for waiver of premium benefits.

15. By letter dated January 22, 2021, Ms. Armenian timely appealed the Defendant's decision to deny her long-term disability benefits and waiver of premium benefits.

16. By letter dated April 09, 2021 Defendant denied Ms. Armenian's appeal.

17. Ms. Armenian has exhausted her administrative appeals under ERISA.

18. In denying Ms. Armenian's claim for long long-term disability benefits and waiver of premium benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

19. Defendant's decision to deny Ms. Armenian long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

20.     Defendant's decision to deny Ms. Armenian's waiver of premium benefits was a breach of the terms of the life insurance policy, and the decision was wrong and arbitrary and capricious.

21.     Defendant's decision to deny Ms. Armenian long-term disability benefits and waiver of premium benefits breached the fiduciary duties owed to Ms. Armenian under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Armenian as a participant of the long-term disability policy and life insurance policy.

### IV.     COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 6, 9 through 13, 15 through 19, and 21 as if fully stated herein and further states that:

22.     Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

23.     Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

24.     Defendant has refused to pay the long-term disability benefits sought by Ms. Armenian, ignoring the medical records and clear opinions of her treating physicians.

## V. COUNT II: WAIVER OF PREMIUM BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 6, 7 through 12, 14 through 18, and 20 through 21 as if fully stated herein and says further that:

25. Plaintiff is entitled to certain benefits of the policy consisting of waiver of premium benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

26. Plaintiff is entitled to the benefits identified herein because:

   d. the benefits are permitted benefits under the life insurance policy;

   e. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   f. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

27. Defendant has refused to pay the benefits sought by Ms. Armenian, disregarding the medical records and clear opinions of her attending physicians evidencing disability

## VI. COUNT III: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 27 as if fully stated herein and further states that:

28. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VII. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 28 as if fully stated herein and further states that:

29. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest, and an award of waiver of premium benefits. .

30. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

31. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sylvia Armenian, prays for a judgment against Defendant, Hartford Fire Insurance Company for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 5th day of May, 2020.*

*/s/ Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Kevin Schaefer (FBN. 123688)
kevin@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Sylvia Armenian*